## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Luis Gonzalez-Encarnacion, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with Homeland Security Investigations and have been since December 2023. I am currently assigned to the Immigration Crimes Group in San Juan, Puerto Rico. Prior to my appointment as a Homeland Security Investigations Special Agent, I was appointed in 2019 as a Border Patrol Agent with the United States Border Patrol. As a Homeland Security Investigations Special Agent, I have received formal and on the job training and I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States. I am familiar with the statutes of the United States Code, and as a federal law enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. Based on my law enforcement experience detailed herein, as well as my training, and experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

2. This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

3. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 8 U.S.C. 1326(a)(2)(b)(1) Reentry of removed alien subsequent to the conviction for the commission of a felony has been committed by Miguel Jacinto SALDANA (SALDANA).

## PROBABLE CAUSE

4. On December 12, 2025, combined agency components of the Department of Homeland Security, Immigration and Customs Enforcement (ICE) Homeland Security Investigations (HSI) Agents and Enforcement and Removal Officers (ERO), were conducting routine immigration inspections. During the immigration inspections, all immigration components present were wearing clearly visible outer exterior vests marked with their respective insignia identifying themselves to the public.

5. While performing roving patrols in San Juan Puerto Rico, the immigration agents arrived at or near Av. Borinquen, Cano Martin Pena San Juan, Puerto Rico and observed a subject, later identified as Miguel Jacinto SALDANA (hereinafter, "**SALDANA**") walking with another individual. HSI Special Agents (SAs) and/or ERO Deportation Officers (Dos)engaged in an immigration inspection with **SALDANA**. HSI SAs and ERO DOs questioned the subject in reference to his immigration status, which resulted in **SALDANA** displaying two foreign passports and a Dominican Republic Cedula. Upon further investigation, HSI SAs and ERO DOs determined this subject had unlawfully entered the United States from the Dominican Republic, at a time and place other than as designated by the Secretary of the Department of Homeland Security of the United States. After determining that the subject was an alien who illegally entered the United States, the subject was arrested and transported to the ICE San Patricio office for further processing.

6. HSI and ERO agents performed an immigration inspection and determined that **SALDANA** was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable document, or document of identity and nationality to enter, pass through, or remain in the United States.

7. As part of the investigation a record verification was conducted, and the following was found:

   a. Immigration documents indicate **SALDANA** received a Voluntary Departure from an Immigration Judge on August 8, 1995. **SALDANA** did not voluntarily depart from the United States to the Dominican Republic. On August 3, 1998, **SALDANA** was encountered by immigration authorities and was deported following the failure to voluntarily depart from the United States.

   b. On March 4, 2010, **SALDANA** was encountered by immigration authorities and was charged with Re-entry. On April 21, 2010, **SALDANA** was physically removed from the United States to the Dominican Republic.

   c. On May 28, 2013, **SALDANA** was convicted in this district of violating 8 U.S.C. 1326 (a)(2)(b)(1) Re-Entry of a Deported Alien Subsequent to a Felony Conviction in 13-cr- 255(GAG) and was sentenced to time served. On April 1, 2014, **SALDANA** was physically removed from the United States to the Dominican Republic.

8. Criminal record checks showed the following:

   a. On August 7, 2001, In Queens County Supreme Court of the State of New York, **SALDANA** pled guilty to criminal possession of a controlled substance - 7th degree and was sentenced to time served.

    b. On January 29, 2010, in Queens County Supreme Court of the State of New York, **SALDANA** pled guilty to Bail Jumping 1st degree - felony. On March 23, 2010, **SALDANA** was sentence to 1 day.

9. Record checks also revealed that as of December 12, 2025, **SALDANA** had not submitted an application requesting permission to enter the United States (Form I-212) before the United States Citizenship and Immigration Services ("USCIS"). Thus, **SALDANA** has not obtained consent from the Secretary of Homeland Security to enter the United States, nor does he have any immigration documents allowing him to legally enter and/or remain in the United States.

10. HSI SAs read **SALDANA** his Miranda rights which **SALDANA** waived and agreed to speak with the agents without the presence of an attorney. **SALDANA** admitted to being illegally present in the United States.

11. **SALDANA** admitted the following, in sum and substance:

    a. **SALDANA** remembers being deported multiple times but does not remember the dates or years he was deported.

    b. **SALDANA** admitted he entered Puerto Rico illegally by sea utilizing a yawl.

12. Therefore, on December 12, 2025, **SALDANA** a national and citizen of the Dominican Republic, was found in the United States after been previously removed from the United States. **SALDANA** was not admitted, inspected, or paroled into the United States by an immigration officer, nor did **SALDANA** present himself at a designed port of entry for inspection.

## CONCLUSION

13. Based on the forgoing, and based upon my training, experience and participation in this and other investigations, I believe that sufficient probable cause exists to demonstrate that SALDANA reentered the United States after being removed in violation of **8 U.S.C. 1326(a)(2) & (b)(1)–** *Reentry of Removed Alien Subsequent to a Felony Conviction.*

Respectfully submitted,

_____
Luis González-Encarnación
Special Agent
Homeland Security Investigations

Sworn pursuant to FRCP 4.1 at __4:06pm__ by telephone, this __16th__ day of December 2025.

_____
HON. MARIANA BAUZÁ ALMONTE
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO